IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID BUNDY, EB-3789,  )
    Petitioner,  )
      )
    v.  )  Civil Action No. 06-60
SUPERINTENDENT TENNIS, et al.,  )
    Respondents.  )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of David Bundy for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied as the petition is time barred.

II. Report:

David Bundy, an inmate at the State Correctional Institution at Rockview has presented a petition for a writ of habeas corpus. Bundy is presently serving a life sentence imposed following his conviction by a jury of murder, robbery, burglary and uniform firearms violations at No. CC 199800447 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on October 20, 1999.[1] An appeal was taken to the Pennsylvania Superior Court which Court on October 24, 2001 affirmed the judgment of sentence on the merits[2] and leave to

---

[1] See: Petition at ¶¶ 1-8 and Exhibit 15 to the answer of the Commonwealth.

[2] See: Exhibit 24 to the answer of the Commonwealth.

appeal to the Pennsylvania Supreme Court was denied on February 1, 2002.[3] Apparently leave to appeal to the United States Supreme Court was not sought.

The petitioner filed a post-conviction petition on March 25, 2002.[4] That petition was denied on June 16, 2003[5] and an appeal taken to the Superior Court which Court on May 5, 2004 affirmed the denial of relief.[6] Leave to appeal to the Pennsylvania Supreme Court was denied on October 5, 2004.[7] The instant petition was executed on December 11, 2005. Bundy subsequently filed a second post-conviction petition which was dismissed as untimely on March 3, 2005.[8]

In support of the instant petition, Bundy contends he is entitled to relief in this Court on the grounds that:

    1. He was denied the effective assistance of counsel.

    2. That an unqualified DNA expert was permitted to testify at his trial.

    3. That the Commonwealth withheld critical evidence relating to its key witness resulting in manifest injustice.

It is provided in 28 U.S.C. § 2254(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] See: Exhibit 26 to the answer of the Commonwealth.

[4] See: Exhibit 27 to the answer of the Commonwealth.

[5] See: Exhibit 30 to the answer of the Commonwealth.

[6] See: Exhibit 33 to the answer of the Commonwealth.

[7] See: Exhibit 35 to the answer of the Commonwealth.

[8] See: Exhibit 38 to the answer of the Commonwealth.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Supreme Court denied review of petitioner's direct appeal on February 1, 2002. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for certiorari, the judgment becomes final when the ninety day period in which to seeks certiorari expires. Thus, the petitioner's conviction became final on May 2, 2002. The effective date of the revision to the habeas corpus statutes which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought post-conviction relief on March 25, 2002.  That relief was denied on June 16, 2003, and the denial of relief was affirmed by the Superior Court on May 5, 2004. Leave to appeal to the Pennsylvania Supreme Court was denied on October 5, 2004. The instant petition was executed on December 11, 2005. Thus, fourteen months after exhausting his post-conviction remedies, the petitioner sought relief in this Court. Since more than the one year period in which to seek relief in this Court has expired the instant petition is time barred.[9]

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the

---

[9] We also note that although Bundy seeks equitable tolling of this statute on the grounds that he is not learned in the law, this claim does not provide a basis for such tolling.

Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

    For this reason, it is recommended that the petition of David Bundy for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

    Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                             Respectfully submitted,

Dated: May 8, 2006

                                                             Robert C. Mitchell,
United States Magistrate Judge